MICHAEL D. NELSON, SBN 171359
LAW OFFICES OF NEVIN & ABSALOM
22 Battery Street, Suite 333
San Francisco, CA  94111
Telephone:     415.392.5040
Facsimile:     415.392.3729
Email:         Michael.nelson@333law.com

Attorneys for Plaintiffs
OPERATING ENGINEERS TRUST FUNDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE, AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND; OPERATING ENGINEERS VACATION AND HOLIDAY PAY PLAN; OPERATING ENGINEERS ANNUITY PLAN; OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST FUND FOR NORTHERN CALIFORNIA; OPERATING ENGINEERS INDUSTRY STABILIZATION TRUST FUND; OPERATING ENGINEERS JOB PLACEMENT CENTER AND MARKET AREA COMMITTEE ADMINISTRATION FUND; AND OPERATING ENGINEERS CRANE INDUSTRY LABOR/MANAGEMENT COOPERATIVE TRUST FUND, | Case No.  C 07 5323 ꝳ ᴇꝺ **FIRST AMENDED COMPLAINT** 29 U.S.C. §185(a), 29 U.S.C. § 1145 |
| Plaintiffs, | |
| v. | |
| PRECISION CRANE SERVICES, INC. | |
| Defendant. | |

**FIRST AMENDED COMPLAINT**

1   Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE

2   TRUST FUND; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED

3   OPERATING ENGINEERS HEALTH AND WELFARE FUND; OPERATING ENGINEERS

4   AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE, AND

5   JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND; OPERATING ENGINEERS

6   VACATION AND HOLIDAY PAY PLAN; OPERATING ENGINEERS ANNUITY PLAN;

7   OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST FUND FOR

8   NORTHERN CALIFORNIA; OPERATING ENGINEERS INDUSTRY STABILIZATION

9   TRUST FUND; OPERATING ENGINEERS JOB PLACEMENT CENTER AND MARKET

10  AREA COMMITTEE ADMINISTRATION FUND; AND OPERATING ENGINEERS CRANE

11  INDUSTRY LABOR/MANAGEMENT COOPERATIVE TRUST FUND (together "the

    Plaintiff Funds") allege as follows:

12                        **JURISDICTION/VENUE**

13          1.      This action is brought pursuant to the provisions of the National Labor

14  U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§

15  1132(a)(3), 1132(d)(1), 1132(e)(1), and 1145.

16          2.      Venue is proper in this Court under the LMRA, 29 US.C. § 185; ERISA,

17  29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b) as Defendant Precision Crane Services, Inc.

18  ("Defendant") is located and does business within the Northern District of California, the events

19  giving rise to this suit occurred within this same district, and the trust fund contributions that are

20  the subject of the action are required to be made to the Plaintiff Funds' offices in this judicial

21  district.

22                           **THE PARTIES**

23  *Plaintiffs*

24          3.      The Plaintiff Funds are, and at all times relevant have been, employee

25  benefit plans and trust funds organized under and pursuant to the provisions of  LMRA, 29

26  U.S.C. § 186(c), and ERISA, 29 U.S.C. § 1002(1), 1002(2)(A), 1002(3), 1132, and 1145. The

27  Plaintiff Funds' principal offices are located in the City and County of Alameda within this

28  judicial district.

**FIRST AMENDED COMPLAINT**                                                                    2

4.      The Plaintiff Funds were created by trust agreements made and entered into between employers associations representing employers in the building and construction and related industries and Operating Engineers Local Union No. 3 of the International Union of Operating Engineers ("the Union") pursuant to written collective bargaining agreements between said employers associations and the Union.

5.      The Plaintiff Funds provide a variety of benefits for eligible working and retired operating engineers and their dependants on whose behalf contributions are made pursuant to collective bargaining agreements.

6.      Each of the trust funds named as a plaintiff in this action is a third party beneficiary of the collective bargaining agreements described below.

7.      The Plaintiff Funds are administered by trustees who are fiduciaries as defined by ERISA, 29 U.S.C. § 1002(14)(A), 1002(16), and 1132. The duties of the trustees include ensuring that signatory employers comply with the terms of the collective bargaining agreements with respect to payments and contributions to the Plaintiff Funds, including, if necessary, the instigation and maintenance of suit for failing to do so.

*Defendant*

8.      Plaintiffs are informed and believe, and upon that ground allege, Defendant is, and at all times relevant has been, a California corporation engaged in the building and construction industry. Plaintiffs are further informed and believe, and upon that ground allege, that Defendant is, and at all times relevant has been, an employer within the meaning of the LMRA, 29 U.S.C. § 185, and ERISA, 29 U.S.C. §§1002(5), 1145.

9.      Plaintiffs are informed and believe, and upon that ground allege, that Defendant's principal place of business is located in the County of Sonoma within this judicial district.

## FACTS

*Execution of the collective bargaining agreement*

10.      Since approximately 1981, and at all times relevant hereto, Defendant is and has been a member in the Crane Owners Association and by that membership signatory to a

**FIRST AMENDED COMPLAINT**                                                              3

1   series of written collective bargaining agreements with the Union entitled, "Master Agreement

2   for Equipment Rental." A true copy of the current agreement (2006-2010) is attached hereto as

3   Exhibit A. A true copy of the most recently expired agreement (2003-2006) is attached hereto as

4   Exhibit B. Pursuant to Sections 2 and 11 of said collective bargaining agreements, Defendant

5   agreed to be bound by all terms relating to wages, hours, and conditions of employment

6   prescribed therein, including the payment of contributions for each hour worked by employees

7   subject thereto. Pursuant to Section 11, Defendant also agreed to be bound by all terms and

8   conditions of each trust agreement, and any amendment thereto, of the Plaintiff Funds.

9   *Breach of the collective bargaining agreement*

10         11.    Since 2004, and continuing today, Defendant breached and broke the

11  aforesaid agreements by failing to make required contributions to the Plaintiff Funds for each

12  hour worked by employees subject thereto. More specifically, Defendant has under-reported the

13  number of hours worked by employees for whom contributions were made and has failed to

14  report at all the hours worked by other employees subject to the agreements. Defendant

15  continues to under-report and fail to report covered hours to this day.

16         12.    The Plaintiff Funds did not know, did not have in their possession

17  information that could have lead to the discovery of Defendant's failure to make all contributions

18  owed, and could not have known that Defendant had failed to make all contributions owed.

19  *2006 Audit*

20         13.    In August and September 2006, the Plaintiff Funds caused the audit of

21  Defendant's books and records for the years 2004, 2005, and 2006. The audit revealed that

22  Defendant had failed to make requisite contributions to the Plaintiff Funds resulting in an

23  underpayment to them in the amount of $474,844.42 for the period January 1, 2004 through July

24  31, 2006.

25         14.    The Plaintiff Funds made written demands for payment per the audit to

26  Defendant in March and April 2007, but to date, Defendant has failed and refused to make said

27  payment and continues to do so.

28

**FIRST AMENDED COMPLAINT**                                                                    4

*Interest, Liquidated Damages, and Attorneys Fees/Costs*

15.    Pursuant to Section 11 of the collective bargaining agreements, a signatory employer that does not make requisite contributions is obligated to remit to the Plaintiff Funds, in addition to the contributions, interest and liquidated damages.  The 2006 audit revealed that, as of that time, Defendant owed the Plaintiff Funds interest and liquidated damages in the amount of $149,457.64.

16.    Interest and liquidated damages will continue to accrue during the pendency of this lawsuit.

17.    Section 11 of the collective bargaining agreements also provides that if a signatory employer's failure to make requisite contributions requires the Plaintiff Funds to consult legal counsel or file any suit or claim related to such employer's failure to make requisite contributions, then the employer is obligated to remit, in addition to the contributions, interest and liquidated damages, sums equal to the reasonable attorneys fees, auditors and accountants fees, court costs, and other reasonable expenses incurred by the Plaintiff Funds in connection with such suit or claim.

18.    Plaintiffs incurred $16,938.40 in costs and expenses related to the 2006 Audit and continue to incur fees, costs and expenses related to Defendant's failure to make the requisite contributions.

## FIRST CLAIM FOR RELIEF

**DELINQUENT CONTRIBUTIONS, LIQUIDATED DAMAGES, COSTS AND FEES**

19.    Plaintiffs re-allege and incorporate by reference the allegations set forth above as though fully set forth herein.

20.    From 2004 and continuing to the present, defendants have failed to make contribution payments to the Plaintiff Funds, as described above, and as required under applicable collective bargaining agreements.

21.    Such conduct violated the terms of the trust agreements and the collective bargaining agreements providing for contributions to the Plaintiff Funds.  By such conduct ,

1  there is now due, owing, and unpaid a sum not precisely known, but including contributions,

2  interest, liquidated damages, fees and costs.

3          22.    The exact amount of unpaid contributions owed is unknown to the

4  Plaintiff Funds at this time, as such information is solely within the knowledge and control of

5  Defendant.

6  <center>**SECOND CLAIM FOR RELIEF**</center>

7  <center>**ACCOUNTING AND AUDIT**</center>

8          23.    Plaintiffs re-allege and incorporate by reference the allegations set forth

9  above as though fully set forth herein.

10          24.    The Plaintiff Funds cannot verify the total amount owed by Defendant

11  without conducting a complete audit of Defendant's books and reviewing the relationship

12  between defendant Precision Crane Services and other corporate entities and Defendant's

13  individual owners.  The Plaintiff Funds request that the Court enter an injunctive order, pursuant

14  to ERISA, 29 U.S.C. §1132(g)(2)(E), requiring Defendant to make its corporate books and

15  records available for audit during the pendency of this action.

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**FIRST AMENDED COMPLAINT**    6

1

**RELIEF REQUESTED**

2  WHEREFORE, Plaintiffs respectfully request a judgment ordering the Defendant to:

3      1.    Pay unpaid and delinquent contributions now due and owing, in an amount to be

4  proven at trial;

5      2.    Pay unpaid liquidated damages due and owing on such delinquent contributions;

6      3.    Pay interest on such contributions;

7      4.    Pay audit expenses, pursuant to the collective bargaining agreements;

8      5.    Pay reasonable attorneys' fees and costs of this action pursuant to the collective

9  bargaining agreements and ERISA, 29 U.S.C. §1132(g)(2)(D);

10     6.    Make an accounting of unpaid contributions;

11     7.    Submit to an audit to verify and establish amounts due and owing for such

12 accounting; and

13     8.    Provide such other and further relief as may be proper.

14

Date:   November 12, 2007                    Respectfully submitted,

15

LAW OFFICES OF NEVIN & ABSALOM

16

17



18
By:
MICHAEL DE NELSON

19
Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT                                                                      7