1  MARK D. JORDAN, ESQ. (SBN 66353)
   DIANE AQUI, ESQ. (SBN 217087)
2  JORDAN & AQUI
   1612 Fourth Street
3  Santa Rosa, CA 95404-4020
   Telephone: (707) 526-3700
4  Facsimile:  (707) 526-1716

5  Attorneys for Defendants
   PRECISION CRANE SERVICES, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 TRUSTEES OF THE OPERATING        CASE NO.: C 07 5323 MEJ
   ENGINEERS HEALTH AND WELFARE
12 TRUST FUND; PENSION TRUST FUND   ANSWER TO FIRST AMENDED
   FOR OPERATING ENGINEERS;         COMPLAINT
13 PENSIONED OPERATING ENGINEERS
   HEALTH AND WELFARE FUND;
14 OPERATING ENGINEERS AND
   PARTICIPATING EMPLOYERS PRE-
15 APPRENTICE, APPRENTICE, AND
   JOURNEYMAN AFFIRMATIVE ACTION
16 TRAINING FUND; OPERATING
   ENGINEERS VACATION AND HOLIDAY
17 PAY PLAN; OPERATING ENGINEERS
   ANNUITY PLAN; OPERATING
18 ENGINEERS CONTRACT
   ADMINISTRATION TRUST FUND FOR
19 NORTHERN CALIFORNIA; OPERATING
   ENGINEERS INDUSTRY STABILIZATION
20 TRUST FUND; OPERATING ENGINEERS
   JOB PLACEMENT CENTER AND
21 MARKET AREA COMMITTEE
   ADMINISTRATION FUND; AND
22 OPERATING ENGINEERS CRANE
   INDUSTRY LABOR/MANAGEMENT
23 COOPERATIVE TRUST FUND,
                    Plaintiffs,
24
        vs.
25
   PRECISION CRANE SERVICES, INC.,
26                  Defendant.
   _____/
27

28

COMES NOW PRECISION CRANE SERVICE, INC., and answers the First Amended Complaint of Plaintiffs, as follows:

1. Answering paragraph 1 of the Complaint, Defendant admits the allegations therein.

2. Answering paragraph 2, Defendant admits that venue is proper in this court, however, they deny that any trust funds were required to be made to Plaintiff Funds' offices, and on that basis deny the remainder of the allegations in that paragraph.

3. Answering paragraph 3 of the Complaint, Defendant admits the allegations therein.

4. Answering paragraph 4 of the Complaint, Defendant admits the allegations therein.

5. Answering paragraph 5 of the Complaint, Defendant admits the allegations therein.

6. Answering paragraph 6 of the Complaint, Defendant admits the allegations therein.

7. Answering paragraph 7 of the Complaint, Defendant admits the allegations therein.

8. Answering paragraph 8 of the Complaint, Defendant admits the allegations therein.

9. Answering paragraph 9 of the Complaint, Defendant admits the allegations therein.

10. Answering paragraph 10 of the Complaint, Defendant admits the allegations therein.

11. Answering paragraph 11 of the Complaint, Defendant denies the allegations therein.

12. Answering paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

13. Answering paragraph 13 of the Complaint, Defendant does not deny that an audit occurred, however, Defendant denies the remaining allegations in this paragraph.

14. Answering paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

15. Answering paragraph 15 of the Complaint, Defendant does not deny that Section 11 of

ANSWER OF DEFENDANT PRECISION CRANE SERVICES, INC.                                2

the collective bargaining agreements sets forth such relief, however Defendant denies that plaintiffs are entitled to such relief.

16. Answering paragraph 16 of the Complaint, Defendant denies the allegations therein.

17. Answering paragraph 17 of the Complaint, Defendant does not deny that Section 11 of the collective bargaining agreements sets forth such relief, however Defendant denies that plaintiffs are entitled to such relief.

18. Answering paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, Defendant incorporates their answer contained in paragraphs 1 through 18.

20. Answering paragraph 20 of the Complaint, Defendant denies the allegations therein.

21. Answering paragraph 21 of the Complaint, Defendant denies the allegations therein.

22. Answering paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, Defendant incorporates their answer contained in paragraphs 1 through 22.

24. Answering paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

As its first, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiffs have failed to join a necessary or indispensable parties under Rule 19.

## SECOND AFFIRMATIVE DEFENSE

As its second, separate and distinct affirmative defense, this answering Defendant alleges

ANSWER OF DEFENDANT PRECISION CRANE SERVICES, INC.                                    3

that it has performed any and all obligations required of it under any Collective Bargaining Agreement that may have been in existence.

### THIRD AFFIRMATIVE DEFENSE

As its third, separate and distinct affirmative defense, this answering Defendant alleges that the complaint fails to state a cause of action to which relief can be granted as to the damages sought by Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

As its fourth, separate and distinct affirmative defense, this answering Defendant alleges that the complaint in its entirety, or a portion thereof, is barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

As its fifth, separate and distinct affirmative defense, this answering Defendant alleges that the Plaintiffs have failed to exhaust their administrative remedies under any statutory scheme and/or collective bargaining agreement.

### SIXTH AFFIRMATIVE DEFENSE

As its sixth, separate and distinct affirmative defense, this answering Defendant alleges that the Plaintiffs are estopped by reason of their own acts and/or omissions, and have waived whatever rights they may otherwise have had to legal relief.

### SEVENTH AFFIRMATIVE DEFENSE

As its seventh, separate and distinct affirmative defense, this answering Defendant alleges that the Plaintiffs have otherwise unreasonably delayed in bringing this action, to the prejudice of this answering Defendant, and are therefore barred from bringing this action pursuant to the Doctrine of Laches.

### EIGHTH AFFIRMATIVE DEFENSE

As its eighth, separate and distinct affirmative defense, this answering Defendant alleges that should Plaintiffs recover damages from this answering Defendant, that this answering Defendant is entitled to indemnification, either in whole or in part, from any and all other persons

or entities whose actions may be found to be the proximate cause or proximately contributed to the damages alleged by Plaintiffs, if any exist.

### NINTH AFFIRMATIVE DEFENSE

As its ninth, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiffs' complaint is a "jurisdictional dispute" as defined by Section 15 of the collective bargaining agreement and Plaintiffs have failed to comply with the dispute resolution process set forth there in.

**WHEREFORE**, this answering Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by way of their complaint;
2. That Plaintiffs' complaint be dismissed;
3. For costs of suit incurred herein; and
4. For such other and further relief as this Court deems just and proper.

Dated: December 7, 2007

**JORDAN & AQUI**

_____
DIANE AQUI
Attorney for Defendant,
PRECISION CRANE SERVICES, INC.

ANSWER OF DEFENDANT PRECISION CRANE SERVICES, INC.                              5