1  MARK D. JORDAN, ESQ. (SBN 66353)
   DIANE AQUI, ESQ. (SBN 217087)
2  JORDAN & AQUI
   1612 Fourth Street
3  Santa Rosa, CA 95404-4020
   Telephone: (707) 526-3700
4  Facsimile:   (707) 526-1716

5  Attorneys for Defendant and Third Party Plaintiff
   PRECISION CRANE SERVICES, INC.
6
   MICHAEL D. NELSON, SBN 171359
7  LAW OFFICES OF NEVIN & ABSALOM
   22 Battery Street, Suite 333
8  San Francisco, CA 94111
   Telephone: 415-392-5040
9  Facsimile: 415-392-3729

10 Attorneys for Plaintiffs;
   OPERATING ENGINEERS TRUST FUNDS
11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15 TRUSTEES OF THE OPERATING             CASE NO.: C 07 5323 MEJ
   ENGINEERS HEALTH AND WELFARE
16 TRUST FUND; PENSION TRUST FUND        JOINT CASE MANAGEMENT
   FOR OPERATING ENGINEERS;              STATEMENT
17 PENSIONED OPERATING ENGINEERS
   HEALTH AND WELFARE FUND;
18 OPERATING ENGINEERS AND
   PARTICIPATING EMPLOYERS PRE-
19 APPRENTICE, APPRENTICE, AND
   JOURNEYMAN AFFIRMATIVE ACTION
20 TRAINING FUND; OPERATING
   ENGINEERS VACATION AND HOLIDAY
21 PAY PLAN; OPERATING ENGINEERS
   ANNUITY PLAN; OPERATING
22 ENGINEERS CONTRACT
   ADMINISTRATION TRUST FUND FOR
23 NORTHERN CALIFORNIA; OPERATING
   ENGINEERS INDUSTRY STABILIZATION
24 TRUST FUND; OPERATING ENGINEERS
   JOB PLACEMENT CENTER AND
25 MARKET AREA COMMITTEE
   ADMINISTRATION FUND; AND
26 OPERATING ENGINEERS CRANE
   INDUSTRY LABOR/MANAGEMENT
27 COOPERATIVE TRUST FUND,
                    Plaintiffs,
28

V.

PRECISION CRANE SERVICES, INC.
        Defendant and Third Party
        Plaintiff

WESTERN CONFERENCE OF TEAMSTERS
PENSION TRUST FUND
and NORTH COAST TRUST FUND
        Third Party Defendants
_____/

      The parties to the above-entitled case (with the exception of the Third Party Defendants who have not yet appeared) jointly submit this Joint Case Management Statement and [Proposed] Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10(b).

**JOINT CASE MANAGEMENT STATEMENT**

**1.**    **Jurisdiction and Service:**

      Plaintiffs bring this action pursuant to the provision of the National Labor Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 (a)(3), 1132(d)(1), 1132(e)(1), and 1145. Plaintiffs promptly served Defendant with their First Amended Complaint on November 20, 2007.

      Defendant, Precision Crane Services, Inc., has filed a Third Party Impleador Complaint against Western Conference of Teamsters Pension Trust Fund and North Coast Trust Fund, which is presently out for service.

**2.**    **Facts:**

      <u>Plaintiff</u>: Plaintiffs bring this suit to recover sums due and owing pursuant to written collective bargaining agreements requiring Defendant to make contributions to various trust funds for each hour worked by employees whose terms and conditions of employment are governed by the collective bargaining agreements. Since 2004 Defendant has failed to make the required

2

JOINT CASE MANAGEMENT STATEMENT

contributions by under-reporting the number of hours worked by some employees and failing to report at all the hours worked by others for whom such contributions were required to be made.

<u>Defendant</u>: Precision Crane Services, Inc. asserts that all required monies were paid into the trust funds of the Third Party Defendants, and that this is actually a dispute between Plaintiffs and Third Party Defendants over the characterization of the employees' job duties and whether those job duties were covered under the Collective Bargaining Agreement for the Operating Engineers or the Collective Bargaining Agreement for the Teamsters. If, *arguendo*, the employees' job duties were covered under the Collective Bargaining Agreement of the Operating Engineers, then the funds must be recovered from the Teamsters.

3.  **Legal Issues**:

<u>Plaintiff</u>: Plaintiffs assert that the case is a straightforward application of contract law and that the validity and existence of the collective bargaining agreements under which Defendant was required to make contributions have not been challenged. Moreover, Plaintiffs assert that Defendant's contractual relationship with the Teamsters Union has no bearing on and does not disrupt its obligations to Plaintiffs.

<u>Defendant</u>: Defendant Precision Crane Services, Inc. asserts that all required monies were paid into the trust funds of the Third Party Defendants, and that this is actually a dispute between Plaintiffs and Third Party Defendants over the characterization of the employees' job duties and whether those job duties were covered under the Collective Bargaining Agreement for the Operating Engineers or the Collective Bargaining Agreement for the Teamsters. If, *arguendo*, the employees' job duties were covered under the Collective Bargaining Agreement of the Operating Engineers, then the funds must be recovered from the Teamsters.

4.  **Motions**:

At this time, there are no pending motions. Defendant anticipates filing a summary judgment motion after discovery.

JOINT CASE MANAGEMENT STATEMENT

5.  **Amendment of Pleadings:**

Plaintiffs filed their First Amended Complaint on or about November 15, 2007.

6.  **Evidence Preservation:**

Based on the issues in this case, evidence preservation is not expected to be an issue.

7.  **Disclosures:**

Defendant has served their initial disclosures under Rule 26(a).

Plaintiffs will serve their initial disclosures on January 16, 2008.

8.  **Discovery:**

There has been no discovery taken to date.

**Scope of Discovery:**

<u>Plaintiff</u>: Discovery is needed regarding employees job duties.

<u>Defendant</u>: Discovery is needed regarding employees job duties and the characterization of those duties by Plaintiffs and Third Party Defendants.

**Limitations on Discovery:**

<u>Plaintiff</u>: Plaintiffs do not see the need for any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure and applicable Local Rules

<u>Defendant</u>: There should be no changes made on the limitations of discovery with the following exception: Defendant requests that there be no pre-imposed limitation on written discovery, and that the parties be permitted to stipulate to expand deposition discovery limitations without leave of court to the extent the parties agree.

9.  **Class Action:**

This is not a class action.

10. **Related Cases:**

None.

11. **Relief:**

Plaintiffs seeks to recover unpaid and delinquent contributions, liquidated damages under the

---

4

JOINT CASE MANAGEMENT STATEMENT

governing agreements, interest, audit expenses, and attorneys fees and costs.

**12.    Settlement and ADR:**

The parties have discussed and request the following court ADR process: Mediation to be completed by July 1, 2008 (This will allow time for the Third Party Defendants to appear and agree to same).

**13.    Consent to Magistrate Judge for Trial:**

Plaintiffs do not consent to the assignment of this case to a United States Magistrate Judge for Trial.

Defendant consents to assignment of this case to a United States Magistrate Judge for Trial.

**14.    Other References:**

None.

**15.    Narrowing of Issues:**

None at this time.

**16.    Expedited Schedule**:

Not applicable.

**17.    Scheduling:**

<u>Disclosure of Expert Witnesses and Information</u>:

Initial expert witness disclosures shall be 90 days before the completion of discovery. The rebuttal expert deadline shall be 45 days before the completion of discovery.

<u>Discovery Cutoff</u>:

The discovery cutoff shall be 120 days before trial.

<u>Dispositive Motions</u>:

All dispositive motions shall be heard 90 days prior to trial.

**18.    Trial:**

<u>Plaintiff</u>: Plaintiffs anticipate trial lasting no more than 4 days.

<u>Defendant</u>: Defendant request a court trial, and anticipates a length of 4 days.

---

5

JOINT CASE MANAGEMENT STATEMENT

19. **Disclosure of Non-party Interested Entities:**

   <u>Plaintiff</u>: Not applicable.

   <u>Defendant</u>: Not applicable.

20. **Other Matters:**

   There are no additional matters at this time.

Dated: January 16, 2008

JORDAN & AQUI

*/s/ Diane Aqui*
Diane Aqui
Attorneys for Defendant and Third Party Plaintiff
PRECISION CRANE SERVICES, INC.

Dated: 1-16-08

LAW OFFICES OF NEVIN & ABSALOM

*/s/ Michael Nevin*
Michael Nevin
Attorney for Plaintiffs

---

6

JOINT CASE MANAGEMENT STATEMENT