MARK D. JORDAN, ESQ. (SBN 66353)
DIANE AQUI, ESQ. (SBN 217087)
JORDAN & AQUI
1612 Fourth Street
Santa Rosa, CA 95404-4020
Telephone: (707) 526-3700
Facsimile:   (707) 526-1716

Attorneys for Defendant and Third Party Plaintiff
PRECISION CRANE SERVICES, INC.

MICHAEL D. NELSON, SBN 171359
LAW OFFICES OF NEVIN & ABSALOM
22 Battery Street, Suite 333
San Francisco, CA 94111
Telephone: 415-392-5040
Facsimile: 415-392-3729

Attorneys for Plaintiffs;
OPERATING ENGINEERS TRUST FUNDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE, AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND; OPERATING ENGINEERS VACATION AND HOLIDAY PAY PLAN; OPERATING ENGINEERS ANNUITY PLAN; OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST FUND FOR NORTHERN CALIFORNIA; OPERATING ENGINEERS INDUSTRY STABILIZATION TRUST FUND; OPERATING ENGINEERS JOB PLACEMENT CENTER AND MARKET AREA COMMITTEE ADMINISTRATION FUND; AND OPERATING ENGINEERS CRANE INDUSTRY LABOR/MANAGEMENT COOPERATIVE TRUST FUND,<br>        Plaintiffs, | CASE NO.: C 07 5323 MEJ<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: March 7, 2008<br>Time: 9:00 am |

V.

PRECISION CRANE SERVICES, INC.
        Defendant and Third Party
        Plaintiff


WESTERN CONFERENCE OF TEAMSTERS
PENSION TRUST FUND
and NORTH COAST TRUST FUND
        Third Party Defendants
_____/


      The parties to the above-entitled case, including Cross-Defendants) jointly submit this Joint Case Management Statement and [Proposed] Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10(b).

## JOINT CASE MANAGEMENT STATEMENT

**1.    Jurisdiction and Service:**

      Plaintiffs bring this action pursuant to the provision of the National Labor Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 (a)(3), 1132(d)(1), 1132(e)(1), and 1145. Plaintiffs promptly served Defendant with their First Amended Complaint on November 20, 2007.

      Defendant, Precision Crane Services, Inc., has filed a Third Party Impleador Complaint against Western Conference of Teamsters Pension Trust Fund and North Coast Trust Fund, which is presently out for service.

      Cross-Defendants: the Third Party Complaint fails to articulate any statutory authority for subject matter jurisdiction over claims against the Western Conference Teamsters Pension Trust Fund (hereinafter the "Pension Fund") or the North Coast Trust Fund (hereinafter the "Welfare Fund").

**2.    Facts:**

2

JOINT CASE MANAGEMENT STATEMENT

Plaintiff: Plaintiffs bring this suit to recover sums due and owing pursuant to written collective bargaining agreements requiring Defendant to make contributions to various trust funds for each hour worked by employees whose terms and conditions of employment are governed by the collective bargaining agreements. Since 2004 Defendant has failed to make the required contributions by under-reporting the number of hours worked by some employees and failing to report at all the hours worked by others for whom such contributions were required to be made.

Defendant: Precision Crane Services, Inc. asserts that all required monies were paid into the trust funds of the Third Party Defendants, and that this is actually a dispute between Plaintiffs and Third Party Defendants over the characterization of the employees' job duties and whether those job duties were covered under the Collective Bargaining Agreement for the Operating Engineers or the Collective Bargaining Agreement for the Teamsters. If, *arguendo*, the employees' job duties were covered under the Collective Bargaining Agreement of the Operating Engineers, then the funds must be recovered from the Teamsters.

Cross-Defendants: The Cross-Defendants have received contributions from Precision Crane pursuant to collective bargaining agreements. The Welfare Fund has provided coverage and paid claims. The Pension Fund has provided pension credits and vesting. Audits have confirmed the accuracy of Precision payments to the Pension Fund. Precision Crane has not applied to either the Pension Fund or the Welfare Fund for a refund of contributions based upon mistake of law or fact as required by ERISA.

3. **Legal Issues:**

Plaintiff: Plaintiffs assert that the case is a straightforward application of contract law and that the validity and existence of the collective bargaining agreements under which Defendant was required to make contributions have not been challenged. Moreover, Plaintiffs assert that Defendant's contractual relationship with the Teamsters Union has no bearing on and does not disrupt its obligations to Plaintiffs.

---

3

JOINT CASE MANAGEMENT STATEMENT

<u>Defendant</u>: Defendant Precision Crane Services, Inc. asserts that all required monies were paid into the trust funds of the Third Party Defendants, and that this is actually a dispute between Plaintiffs and Third Party Defendants over the characterization of the employees' job duties and whether those job duties were covered under the Collective Bargaining Agreement for the Operating Engineers or the Collective Bargaining Agreement for the Teamsters. If, *arguendo*, the employees' job duties were covered under the Collective Bargaining Agreement of the Operating Engineers, then the funds must be recovered from the Teamsters.

<u>Cross-Defendants</u>: There is no subject matter jurisdiction for the Third Party Complaint. There is no cause of action for indemnity or contribution contemplated by ERISA Section 403 ( c) (2). Precision Crane has failed to apply for, or exhaust its administrative remedies, by seeking refunds or contributions from the Pension Fund or the Welfare Fund.

**4.    Motions:**

At this time, there are no pending motions. Defendant anticipates filing a summary judgment motion after discovery.

<u>Cross-Defendants</u>: The Cross-Defendants intend to file motions to dismiss. If they remain in the proceeding, motions for summary judgment would be made at an appropriate point in the case.

**5.    Amendment of Pleadings:**

Plaintiffs filed their First Amended Complaint on or about November 15, 2007.

**6.    Evidence Preservation:**

Based on the issues in this case, evidence preservation is not expected to be an issue.

**7.    Disclosures:**

Defendant has served their initial disclosures under Rule 26(a).

Plaintiffs will serve their initial disclosures on January 16, 2008.

<u>Cross-Defendants</u>: Disclosures will be filed before the conference.

**8.    Discovery:**

4

JOINT CASE MANAGEMENT STATEMENT

There has been no discovery taken to date.

**Scope of Discovery**:

<u>Plaintiff</u>: Discovery is needed regarding employees job duties.

<u>Defendant</u>: Discovery is needed regarding employees job duties and the characterization of those duties by Plaintiffs and Third Party Defendants.

<u>Cross-Defendants</u>: Discovery plans will be formulated if the actions to dismiss are unsuccessful.

**Limitations on Discovery**:

<u>Plaintiff</u>:    Plaintiffs do not see the need for any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure and applicable Local Rules

<u>Defendant</u>: There should be no changes made on the limitations of discovery with the following exception: Defendant requests that there be no pre-imposed limitation on written discovery, and that the parties be permitted to stipulate to expand deposition discovery limitations without leave of court to the extent the parties agree.

<u>Cross-Defendants</u>: Agree with Defendant.

9. **Class Action:**

This is not a class action.

10. **Related Cases:**

None.

11. **Relief:**

Plaintiffs seeks to recover unpaid and delinquent contributions, liquidated damages under the governing agreements, interest, audit expenses, and attorneys fees and costs.

<u>Cross-Defendants</u>: The Pension Fund and Welfare Fund will seek to recover attorney fees and costs.

12. **Settlement and ADR:**

The parties, including the Cross-Defendants, request the following court ADR process:

5

JOINT CASE MANAGEMENT STATEMENT

Mediation to be completed by July 1, 2008.

13. **Consent to Magistrate Judge for Trial:**

Case has already been re-assigned.

14. **Other References:**

None.

15. **Narrowing of Issues:**

None at this time.

16. **Expedited Schedule:**

Not applicable.

17. **Scheduling:**

<u>Disclosure of Expert Witnesses and Information</u>:

Initial expert witness disclosures shall be 90 days before the completion of discovery. The rebuttal expert deadline shall be 45 days before the completion of discovery.

<u>Discovery Cutoff</u>:

The discovery cutoff shall be 120 days before trial.

<u>Dispositive Motions</u>:

All dispositive motions shall be heard 90 days prior to trial.

18. **Trial:**

<u>Plaintiff</u>: Plaintiffs anticipate trial lasting no more than 4 days.

<u>Defendant</u>: Defendant request a court trial, and anticipates a length of 4 days.

<u>Cross-Defendants</u>: Agree with the four day estimate.

19. **Disclosure of Non-party Interested Entities:**

<u>Plaintiff</u>:     Not applicable.

<u>Defendant</u>:   Not applicable.

<u>Cross-Defendants</u>: Not applicable.

20. **Other Matters:**

JOINT CASE MANAGEMENT STATEMENT

1         There are no additional matters at this time.

2   Dated: February 26, 2008         JORDAN & AQUI

3                                     _____

4                                     Diane Aqui
                                     Attorneys for Defendant and Third Party Plaintiff
5                                     PRECISION CRANE SERVICES, INC.

7   Dated:                               **LAW OFFICES OF NEVIN & ABSALOM**

9                                     Michael Nelson
                                    Attorney for Plaintiffs

11   Dated: 2/26/08                  NEYHART, ANDERSON, FLYNN & GROSBOLL

13                                     Richard K. Grosboll
14                                     Attorney for North Coast Trust Fund

JOINT CASE MANAGEMENT STATEMENT

227

1     There are no additional matters at this time.

2 Dated: February 26, 2008          JORDAN & AQUI

3

4                                        Diane Aqui
                                       Attorneys for Defendant and Third Party Plaintiff
5                                    PRECISION CRANE SERVICES, INC.

6

7 Dated: February 26, 2008          LAW OFFICES OF NEVIN & ABSALOM

8

9                                    /s/Michael Nelson
                                   Michael Nelson
10                                  Attorney for Plaintiffs

11 Dated:                               NEYHART, ANDERSON, FLYNN & GROSBOLL

12

13

14                                  Richard K. Grosboll
                                 Attorney for North Coast Trust Fund

15

16 Dated: 2/26/08                   ERSKINE & TULLY

17

18

19                                  Michael Carroll
                                 Attorney for Western Conference of Teamsters

20

21

22

23

24

25

26

27                                       7

28 JOINT CASE MANAGEMENT STATEMENT