ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL - STATE BAR #50246
220 Montgomery Street, Suite 303
San Francisco, California 94104
Telephone: (415) 392-5431

Attorneys for Third Party Defendant,
Western Conference of Teamsters
Pension Trust Fund

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PRECISION CRANE SERVICES, INC., <br><br>  Defendant and Third Party Plaintiff, <br><br> vs. <br><br> WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, et al., <br><br>  Third Party Defendants. | NO. C 07 5323 CRB <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD PARTY COMPLAINT |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO

DISMISS THIRD PARTY COMPLAINT

I. INTRODUCTION

Defendant and Third Party Plaintiff Precision Crane Services

POINTS AND AUTHORITIES OF THIRD PARTY DEFENDANT TO DISMISS THIRD PARTY COMPLAINT

1

has at all times pertinent to this proceeding had collective bargaining relationships with two unions, the Operating Engineer Local No. 3 (First Amended Complaint ¶10; Answer ¶10), and the Teamsters Union (Third Party Complaint ¶6. The unions have separate contracts.

Each set of contracts required fringe benefit payments to be paid to health and welfare trust funds and pension trust funds on behalf of persons who performed covered work under the separate agreements. (First Amended Complaint ¶10; Answer ¶10); Third Party Complaint ¶7).

The Third Party Defendants Western Conference of Teamsters Pension Trust Fund (WCTPTF) and North Coast Trust Fund (the Health and Welfare Plan, (hereinafter North Coast) are, like the Operating Engineers Trust Funds organized under and pursuant to the provisions of the Labor Management Relations Act (LMRA) 29 U.S.C.C 186(c) and the Employee Retirement Income Security Act, (ERISA), 29, USC S 1002(1), 1002(2)(A), 1002(3), 1132 and 1145 (Complaint ¶3, Answer ¶3, Third Party Complaint ¶2).

In 2006 the Operating Engineers Trust Funds performed an audit on Precision's records for the years 2004-2006, and now contends that Precision underreported and failed to pay fringe benefits in the amount of $474,844.42. It now seeks to collect that sum from Precision by the filing of its First Amended Complaint, (Complaint ¶13).

Precision has filed a Third Party Complaint against the WCTPTF and North Coast alleging that instead of paying the Operators Trust Funds, Precision made these contributions to the WCTPTF and North Coast because "... Third Party Plaintiff believed the employees on whose behalf these contributions were made were covered by the

Teamsters Union collective bargaining agreement." (Third Party Complaint ¶11).

Precision's Third Party Complaint does not contain the required statement of the grounds upon which the court's subject matter jurisdiction depends. FRCP 8(a), 12(b)(1), Northern District Rule 3-5.

Two claims are stated in the Third Party Complaint: A First Claim for Indemnity and Contribution and a second Claim for Declaratory Relief. (¶12-14 and 15-18 respectively). The allegations made in each of these sections of the Third Party Complaint fail to state a claim upon which relief can be granted. (FRCP 12(b)(6).

## II. ARGUMENT

1. THE THIRD PARTY COMPLAINT DOES NOT IDENTIFY ANY STATUTORY OR OTHER BASIS FOR FEDERAL JURISDICTION.

The Third Party Complaint must contain a short and plain statement of the grounds upon which the court's subject matter jurisdiction is based. (FRCP 8(a)). It contains no such statement and should be dismissed for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).

The Third Party Complaint at paragraph 3 states that "This Court has jurisdiction over this Third Party Impleador claim pursuant to FRCP 14(a)". While Rule 14 permits a defendant to bring in a third party, this occurs subject to all proper and appropriate "... defenses to the third party plaintiff's claim as provided in Rule 12 ..." (FRCP 14a).

Both the initial Complaint filed in this proceeding, and the Third Party Impleador Complaint are sprinkled with references to LMRA

1  and ERISA.  They are references to the status of parties. Third Party
2  Complaint) (¶2, 5) or to the rights and remedies of the Operating
3  Engineers Trusts to bring a collection action to collect its audit.
4  (First Amended Complaint ¶1,2,3,7).  None of these sections provide
5  a jurisdictional basis for the Third Party Complaint.
6       Northern District Local Rule 3-5(a) requires that each
7  complaint include a separate paragraph entitled "Jurisdiction", which
8  identifies the statutory or other basis for federal jurisdiction.
9  There is no such paragraph in the Third Party Complaint.
10      2.   PRECISION HAS INTENTIONALLY FAILED TO REFER TO THE ONE
11 POSSIBLE BASIS FOR SUBJECT MATTER JURISDICTION, BECAUSE IT CANNOT MEET
12 IT'S CONDITIONS PRECEDENT FOR STATEMENT OF A CLAIM.
13      The Third Party Complaint sets forth two claims, one for
14 Indemnity and Contribution, and one for Declaratory Relief.  As will
15 be seen below neither states a claim upon which relief may be granted.
16      There is no statutory or case authority for a direct
17 transfer of paid contributions in the hands of the WCTPTF to the
18 Operating Engineers Funds, or for imposition of a constructive trust
19 as requested in the prayer of the Third Party Complaint.
20      Viewed in a light most favorable to Precision, and
21 construing the terms of the Third Party Complaint in a manner which
22 conforms with ERISA, Precision would have to contend that it is
23 seeking a refund of contributions that it should not have paid to the
24 WCTPTF.
25      Section 403(c)(1) of ERISA sets forth the general rule that
26 "the assets of a [multiemployer pension] plan shall never inure to the
27 benefit of any employer and shall be held for the exclusive purposes
28 of providing benefits to participants in the plan and their

beneficiaries..." 29 U.S.C.§ 1103(c)(1)(1982). This sweeping prohibition is tempered by a number of limited exceptions, one of which is pertinent to this case:

> "(2)(A) In the case of a contribution, or a payment of withdrawal liability...
> ....
> (ii) made by an employer to a multiemployer plan by a mistake of fact or law..., paragraph (1) shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake." 29 U.S.C. § 1103(c)(2)(A)(ii)(1982).

Section 1103(c)(2)(A) was amended by Congress in 1980. Multiemployer Pension Plan Amendments Act of 1980, pub.L.No. 96-364, 94 Stat. 1296(1980). By eliminating some of the prior restrictions on recovery by employers of mistaken contributions, the amendments made the statute more permissive; mistakes of law were added as a basis for refunds, and the former one-year refund limitation period for overpayments was eliminated.

In <u>Award Service v. Northern California Retail Clerks Unions and Food Employers Joint Pension Trust Fund,</u> 763 F.3d 1066, 1070(9th.Cir.1985) the Ninth Circuit recognized an implied right of action by an employer for return of mistakenly paid contributions. The Court found that "...the provisions of LMRA and ERISA are best rationalized if we conclude... that Congress intended to permit trustees to refund improperly paid contributions <u>only where the conditions specified in Section 403 (c)(2)(A) of ERISA are met"</u> Award, p.1070 (emphasis added).

Federal Regulations at 26 C.F.R. 1. 401(a)(2)- 1(b) page 97

also require the filing of a claim with the plan administrator.

Precision has failed to plead 1) either mistake of fact or mistake of law, 2) a plan administrator determination, and 3) payment or failure to pay by the trust fund within six months.

There do not appear to be any Ninth Circuit refund cases dealing with exhaustion of administrative remedies in a refund request setting. However in <u>Amato v. Bernard</u> 618 F.2d 559,568 (9th.Cir.1980), the Ninth Circuit concluded that federal courts have the authority to enforce the exhaustion of administrative remedies requirement in suits under ERISA, and that as a matter of sound policy they should usually do so.

3. PRECISION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FRCP 12(b)(6).

Section 403(c)(2) cited above is an exception to the general rule prohibiting plan assets from inuring to the benefit of employers. In the context of this case a constructive trust or an indemnification of Precision from liability to the Operating Engineers Funds would be an inurement to the benefit of Precision.

Congress intended to permit trustees to refund improperly paid contribution only where the conditions specified in section 403(c)(2)(A) by ERISA are met. <u>Award Service v Northern California Retail Clerks Unions And Food Employers Joint Pension Trust Fund</u> 763 F3d 1066,1070(9th.Cir.1985).

The Third Party Complaint does not state that Precision is an employer that paid contributions to the Teamster Trust Funds by "mistake of law or fact." These are the only grounds upon which a refund may be made under 403 (2)(A)(ii), and case law requires that the mistake be alleged. <u>British Motor Care Distributor v San</u>

1  <u>Francisco Auto.</u> 882 F2d 371,377 (9th.Cir.1989).

2  Section 403(c)(2) does not prohibit return of contributions "in within 6 months after the plan administrator determines that the contribution was made by such a mistake." The Third Party Complaint does not and cannot allege that the WCTPTF administrator has made such a determination. In fact Precision has never asked for such a determination. No cause of action can arise until a request for refund is made, is acted upon by the administrator favorably, and six months have elapsed.

4. SUBJECT MATTER JURISDICTION IS NOT CREATED BY ASSERTING A CLAIM FOR INDEMNITY AND CONTRIBUTION

In its First Claim, Precision alleges if the Operating Engineers Trust have sustained damages, they "... were caused entirely, or in part, by Third Party Defendants", who should be obligated to partially or fully indemnify Precision for any sums recovered by the Operating Engineers Trust. (¶13, 14).

Where Congress has enacted a comprehensive legislative scheme, including integrated procedures for enforcement, such as ERISA there is a strong presumption that Congress did not intend the courts to supplement the remedies enacted.

ERISA does not authorize a contributing employer to seek indemnity or contribution from one trust fund to recompense it for obligations which it may owe to another trust fund.

Contribution or indemnification can only arise through the affirmative creation of a right of action by Congress or by the Courts in formulation of the Federal Common law. <u>Mortgages Inc., v. U.S.D.C for District of Nevada,</u> 934 F2d 209,212 (9th.Cir.1991). No case law under ERISA supports this remedy. Quite the opposite is true.

Because ERISA is "a comprehensive and reticulated statute, the product of a decade of congressional study..." the Court has been "...especially reluctant to tamper with (the) enforcement scheme embodied in the statue by extending remedies not specifically authorized by its test." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S.204,209,122 S. Ct. 708(2002). Congress did not inadvertantly omit a right to contribution from ERISA's remedial scheme. Travelers Case and Sur. Co. of America v. IADA Services, Inc., 497 F 3d 862,866(8th.Cir.2007).

5. SUBJECT MATTER JURISDICTION IS NOT CREATED BY ASSERTING A CLAIM FOR DECLARATORY RELIEF

In its second Claim Precision asks for a judicial determination of the rights and duties of Precision and Third Party Defendants with respect to the Operating Engineer Trusts' claims because said Defendants received funds which might rightfully belong to the Operating Engineers Trusts, and unless a determination is made now, Precision might be required, if it loses, to later bring a separate action for indemnification.

ERISA does not authorize such a remedy, and no case law under ERISA supports it. While the Declaratory Judgment Act, 28 USC S 2201, creates a federal remedy, it is not an independent basis for federal jurisdiction. Before declaratory relief can be granted federal subject matter jurisdiction requirements must be satisfied. Skelly Oil Co. v. Phillips Petroleum Co. (1950) 339 US 667, 671, 70 S.Ct. 876,879. Precision does not have standing to sue for declaratory relief under ERISA for its alleged mistaken contributions to union trust funds. Trustees of Operating Engineers Pension Trust v. Tab Contractors, Inc., 224 F. Supp. 2d 1272(D. Nev 2002).

## III. CONCLUSION

Third Party Defendant WCTPTF respectfully requests that the Third Party Complaint be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted.

Dated: March 12, 2008

ERSKINE & TULLEY
A PROFESSIONAL CORPORATION

By: _____
Michael J. Carroll
Attorneys for Third Party
Defendant, Western Conference
of Teamsters Pension Trust Fund

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within above entitled action; my business address is 220 Montgomery Street, Suite 303, San Francisco, CA 94104. On March 12, 2008, I served the NOTICE OF MOTION AND MOTION OF THIRD PARTY DEFENDANT TO DISMISS THIRD PARTY COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD PARTY COMPLAINT on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States post office mail box at San Francisco, California, addressed as follows:

Michael David Nelson, Esq.
870 Market Street, Suite 664
San Francisco, CA 94102

Diane Aqui
Jordan & Aqui
1612 Fourth Street
Santa Rosa, CA 95404-4020

Richard Grosboll
Nyhart, Anderson
44 Montgomery Street, 2080
San Francisco, CA 94104

I, SHARON EASTMAN, certify (or declare), under penalty of perjury that the foregoing is true and correct.
Executed on March 12, 2008 at San Francisco, California.

_____
SHARON EASTMAN