RICHARD K. GROSBOLL, State Bar No. 99729
BENJAMIN K. LUNCH, State Bar No. 246015
NEYHART, ANDERSON, FLYNN & GROSBOLL
44 Montgomery Street, Suite 2080
San Francisco, CA 94104-6702
Tel. (415) 677-9440
Fax (415) 677-9445
Email: rgrosboll@neyhartlaw.com
blunch@neyhartlaw.com

Attorneys for Third Party Defendant
NORTH COAST TRUST FUND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND; et al.,

Plaintiffs,

v.

PRECISION CRANE SERVICES, INC.,

Defendant and Third Party Plaintiff,

v.

WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND; and NORTH COAST TRUST FUND,

Third Party Defendants.

Case No. C-07-5323 CRB

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THIRD PARTY DEFENDANT NORTH COAST TRUST FUND'S MOTION TO DISMISS**

[FRCP 12(b)(6)]

Date: April 18, 2008
Time: 10:00 a.m.

Hon. Charles R. Breyer
United States District Judge
Courtroom 8, 19th Floor

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

**P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

# TABLE OF CONTENTS

**I. Introduction** .................... 1

**II. Argument** .................... 2

A. No Source of Substantive Law Supports the Causes of Action in the Third Party Complaint .................... 2

B. Precision Crane May Not Implead the Medical Plan as a Third Party Defendant Pursuant to Rule 14(a) .................... 6

C. Even if Precision Crane Properly Impleaded North Coast Under Rule 14(a), Precision Crane Failed to Plead Sufficient Facts To Support a Claim Under ERISA Section 403 .................... 7

D. Precision Crane Failed to Exhaust the Medical Plan's Administrative Remedies .................... 8

**III. Conclusion** .................... 10

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

-ii-

**P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

## I. INTRODUCTION

This Motion to Dismiss is directed to the Third Party Complaint of Defendant and Third Party Plaintiff PRECISION CRANE ("Precision Crane") against Third Party Defendant NORTH COAST TRUST FUND ("Medical Plan" or "North Coast"). In essence, this dispute should have been a routine matter of an Employer making a request of a Plan Administrator of an employee benefit plan (North Coast) for a refund of employer contributions allegedly made by mistake of fact or law. Instead, Precision Crane ignored specific provisions of ERISA, applicable IRS regulations, and the Federal Rules of Civil Procedure by asserting jurisdiction to implead North Coast in this Action under Federal Rule of Civil Procedure 14(a) (2008) ("Fed.R. Civ. P. Rule 14(a)"). Moreover, Precision Crane alleges, without legal authority, two causes of action, one for indemnity and contribution, and one for declaratory relief. (Third Party Complaint ("Complaint"), ¶¶ 12-14 and 15-18).

(Co-Third Party Defendant Western Conference of Teamsters Pension Trust Fund, in its Memorandum of Points of Authorities in Support of its Motion to Dismiss, has succinctly summarized many key facts (see pages 1-3), which are not repeated here.)

Rather than a valid third party complaint, what we appear to have here is a dispute between two unions that should not involve this Court, and a situation in which an employer may have signed two separate collective bargaining agreements with those unions which impact the employer's benefit contribution obligation. Neither of those situations creates jurisdiction for Precision Crane to bring a third party claim against North Coast for a refund of contributions made two to four years ago and for which health care benefits have already been provided for the employer's employees. The employer's apparent mistake, which it caused itself, has resulted in it attempting to create a Third Party action in a situation in which the employer has neither made a

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-1-

P&A I/S/O NCTF MOTION TO DISMISS
Case No. C-07-5323 CRB
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

request for a refund to the Plan Administrator (as required by ERISA, see infra at pp. 5-9) nor exhausted the Plan's administrative remedies (see infra, at pp. 9-10) to remedy a situation over which the Medical Plan had no control. Regardless, this Court should reject the employer's tactic and dismiss the Complaint under Fed.R. Civ.P.Rule 12(b)(6) (2008).

## II. ARGUMENT

### A. No Source of Substantive Law Supports the Causes of Action in the Third Party Complaint

Without any legal authority upon which to rely, Precision Crane brings causes of action for indemnity and contribution, and declaratory relief. (Complaint, ¶¶ 14-18) Unfortunately for Precision Crane, there is no available source of substantive law to support these two causes of action. That is illustrated by Precision Crane's reliance only upon Rule 14(a) in its Complaint. (Complaint, ¶ 3) These causes of action may not be brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 *et seq.* ("ERISA"), the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 *et seq.* ("LMRA") or California state law. The lack of substantive law is the likely reason that Precision Crane did not include a statement of the grounds upon which the Court's jurisdiction is based other than Rule 14(a) and why the Complaint is not clear in this regard. Thus, the Court should dismiss the Complaint.

#### 1. ERISA Does Not Create a Separate Federal Right for an Employer to Seek Declaratory Relief, Indemnity or Contribution Against a Plan

The United States Supreme Court has concluded that ERISA does not create general federal rights to seek remedies not expressly authorized. The Court stated in pertinent part:

> We have observed repeatedly that ERISA is a "'comprehensive and reticulated statute,' the product of a decade of congressional study of the Nation's private employee benefit system." [citations]. We have therefore been especially "reluctant to tamper with [the] enforcement scheme" embodied in the statute by extending remedies not specifically authorized by its text. [citations]. Indeed, we have noted that ERISA's "carefully crafted and detailed enforcement scheme

NEYHART, ANDERSON, FLYNN & GROSBOLL ATTORNEYS AT LAW

-2-

P&A I/S/O NCTF MOTION TO DISMISS
Case No. C-07-5323 CRB
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

> provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'"

Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209 (2002).

Here, Precision Crane seeks relief not contemplated by ERISA, in that actions by employers against plans for indemnity, contribution and declaratory relief are not expressly provided for in ERISA. Instead, ERISA expressly provides for remedies based on its civil enforcement provision, Section 502, 29 U.S.C. § 1132. In interpreting ERISA, the Supreme Court has specifically rejected any right for employer-contributors (any parties other than participants, beneficiaries or fiduciaries) to seek declaratory relief for disputes arising under that civil enforcement provision:

> ERISA carefully enumerates the parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case. A suit for similar relief by some other party does not "arise under" that provision...

Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27 (1983) (emphasis added). As an employer, Precision Crane is not a participant, beneficiary or fiduciary. As such, Congress, in adopting ERISA, did not grant an employer the right to seek declaratory relief under ERISA's civil enforcement provision. Thus, it cannot bring such an action. Additionally, the right of "indemnity and contribution" is not included in ERISA's enforcement provision (ERISA Section 502), and thus those causes of action are also unavailable to Precision Crane. *See* Kim v. Fujikawa, 871 F.2d 1427, 1434 (9th Cir. 1989) (Where no substantive basis existed for a third party claim of contribution or indemnity under ERISA, dismissal of the complaint was appropriate); Urological Surgery Prof'l Ass'n v. Fecteau Benefits Group, 359 F.Supp.2d 24 (D. N.H. 2005) (Rule 14(a) provides a procedure to bring a third party complaint, but does not provide an action for indemnification or contribution arising under ERISA.)

NEYHART, ANDERSON, FLYNN & GROSBOLL ATTORNEYS AT LAW

-3-

P&A I/S/O NCTF MOTION TO DISMISS
Case No. C-07-5323 CRB
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

2. Neither Cause of Action May Be Brought Under the LMRA

Although the Complaint contains references to the Labor-Management Relations Act, 29 U.S.C. § 185 *et seq.* ("LMRA"), the LMRA also does not permit Precision Crane's claims against North Coast. The LMRA permits suits only for violations of agreements between employers and labor organizations. 29 U.S.C. § 185(a). As Precision Crane seeks the return of employer contributions made to a Plan which were contributed pursuant to a collective bargaining agreement, any reliance by Precision Crane on the LMRA is inappropriate. It is undisputed that the Medical Plan is a multiemployer welfare fund, not a "labor organization" under the LMRA. Thus, the Medical Plan is not a proper defendant to a suit under the LMRA for violation of contract. The Ninth Circuit, in Award Service, Inc. v. Northern California Retail Clerks Union, 763 F.2d 1066, 1070-1071, (9th Cir. 1985), refused to imply a cause of action under the LMRA for the return of trust fund contributions (while permitting such under ERISA in limited circumstances). *See also*, Trustees of the Operating Engineers Pension Trust v. TAB Contractors, 224 F.Supp.2d 1272, 1280 (D.Nev. 2002) (because ERISA plans are not "labor organizations" under the LMRA, no lawsuit under the LMRA can be filed). Thus, Precision Crane has no valid claim under the LMRA.

3. ERISA Preempts Precision Crane's State Law Claims

As the Medical Plan is a multiemployer benefit plan under ERISA, any attempt on the employer's part to seek a refund of contributions must be brought under ERISA. Because, ERISA does not provide for causes of action for indemnity and contribution and declaratory relief, Precision Crane's causes of action would have to be based on California law; however, the obvious problem with that approach, in addition to failing to allege such a violation, is that ERISA preempts such state law causes of action.

-4-

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

**P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

ERISA Section 514(a), 29 U.S.C. § 1144(a), states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. Section 514(a) preempts those state laws where ERISA comprehensively regulates a relationship described by ERISA, such as between a medical plan and an employer:

> The key to distinguishing between what ERISA preempts and what it does not lies . . . in recognizing that the statute comprehensively regulates certain *relationships*: for instance, the relationship between ..., between plan and employer, between employer and employee (to the extent an employee benefit plan is involved), ... [citations] Because of ERISA's explicit language, [citations], and because state laws regulating these relationships (or the obligations flowing from these relationships) are particularly likely to interfere with ERISA's scheme, these laws are presumptively preempted.

General Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1521 (9th Cir. 1993) (first emphasis in original, second emphasis added). "ERISA's preemption clause is deliberately expansive and contains one of the broadest preemption clauses ever enacted by Congress." Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131 (9th Cir. 1993)(internal quotation marks and citations omitted). Here, ERISA comprehensively regulates the relationship between a multiemployer plan (such as North Coast) and an employer (Precision Crane) in that ERISA Section 403(c)(2)(A), 29 U.S.C. § 1103(c)(2) (A), provides explicitly that an employer may request a refund of mistaken contributions made to the Plan. Section 403(c)(2)(A) provides in pertinent part:

> If . . . [a] contribution or payment is made by an employer to a multiemployer plan by a mistake of fact or law . . . , [the prior paragraph] shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake.

Given this very specific ERISA reference to the substantive issue that is the subject of the Third Party Complaint, it is clear that no state court action could be brought seeking the same relief. Award Service, Inc. v. Northern California Retail Clerks Union, 763 F.2d 1066, 1070 (9th Cir.

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

-5-

P&A I/S/O NCTF MOTION TO DISMISS
Case No. C-07-5323 CRB
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

1985). Thus, ERISA would preempt Precision Crane's causes of action for indemnity and contribution and declaratory relief if based on state law. Simply, they attempt to create an alternative enforcement mechanism to that provided by ERISA, which is not permitted. *See*, Travelers Cas. and Sur. Co. of Am. v. IADA Services, Inc., 497 F.3d 862, 866-867 (8th Cir. 2007) .

B. Precision Crane May Not Implead the Medical Plan as a Third Party Defendant Pursuant to Rule 14(a)

As already mentioned, Precision Crane, inexplicably, alleged that this Court "has jurisdiction over this Third Party Impleador [sic] claim pursuant to FRCP 14(a)." (Third Party Complaint ¶ 3).

1. No Cognizable Claim Provides Precision Crane With Grounds to Implead the Medical Plan under Rule 14(a)

It is undisputed that claims brought under Rule 14(a) must be based on an independent source of substantive law. As such, Rule 14(a) creates only a procedural right of action. *See,* Wright, Miller & Kane, Federal Practice & Procedure Civil 2d § 1446. Rule 14(a) may not be used in isolation to permit impleader; it is purely procedural in nature and does not create or modify any substantive rights, such as the right to indemnification or contribution. Employers Ins. v. Musick, Peeler & Garrett, 954 F.2d 575, 577 (9th Cir. 1992). As shown above, Precision Crane fails to state a claim and thus there is no independent source of law justifying jurisdiction under Rule 14(a). In simple terms, Precision Crane's reference to Rule 14(a) is meaningless as it provides no jurisdiction.

2. The Medical Plan is Not Derivatively Liable to Precision Crane

In addition, Rule 14(a) requires that a third party defendant be derivatively liable to the third party plaintiff, stating in pertinent part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. (emphasis added).

Rule 14(a) allows a defendant to assert a claim against a third party only when the third

NEYHART, ANDERSON, FLYNN & GROSBOLL ATTORNEYS AT LAW

-6-

P&A I/S/O NCTF MOTION TO DISMISS
Case No. C-07-5323 CRB
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

party's liability is in some way dependent on the outcome of the main claim in the action, or when the third party is secondarily liable to the defendant. Stewart v. Am. Intl. Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988). Here, any potential liability is not dependent on the outcome of the main claim in the original action because ERISA provides that a refund request must be made to a Plan Administrator within a specified period of time based on a mistake of fact or law. ERISA Section 403(c)(2)(a) 29 U.S.C. §1103(c)(2)(a). ERISA provides no basis for one Plan to transfer funds to another Plan such as what is anticipated by the Third Party lawsuit. Nor does ERISA permit the type of relief sought by Precision Crane, which must be directed to North Coast's Plan Administrator. Moreover, as to the second point of Stewart, there is no legal authority or allegation in the Complaint to suggest that the Medical Plan is secondarily liable to the defendant. Thus, in the absence of any substantive theory of liability, Rule 14(a) may not be used to bring the Medical Plan into Precision Crane's existing suit.

C.    Even if Precision Crane Properly Impleaded North Coast under Rule 14(a), Precision Crane Failed to Plead Sufficient Facts to Support a Claim under ERISA Section 403

Even if this Court concluded that the Third Party Complaint is properly before this Court, Precision Crane did not set forth sufficient facts to support a cause of action under ERISA Section 403(c)(2)(A), which provides ERISA's sole remedy for the refund sought by Precision Crane.

ERISA Section 403(c)(2)(A) imposes authority on the Plan Administrator to consider an employer's request for refund of contributions and a determination whether such contributions were made as a result of a "mistake of fact or law." Once this determination is made, the Plan may, at its discretion, return the contributions within six months without violating Section 403 (which prohibits plan assets from inuring to the benefit of employer). An employer must follow this procedure in order to receive a refund of contributions, as ERISA Section 403(c) provides that "the assets of a

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

-7-

P&A I/S/O NCTF MOTION TO DISMISS
Case No. C-07-5323 CRB
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

plan shall never inure to the benefit of any employer" except as otherwise provided for by Section 403. If the Medical Plan were to provide a refund of contributions to Precision Crane without Precision Crane first complying with Section 403(c)(2)(A), the Medical Plan would violate the express terms of ERISA and expose itself to potential liability.

ERISA places discretion on Plan Administrators to consider and decide an employer's request for refunds of contributions. As noted above, the Ninth Circuit has determined that ERISA Section 403, by implication, creates a federal right of action but only where the conditions in ERISA Section 403(c)(2)(A) are met. *See,* Award Service, *supra*, at p. 1070. Moreover, the Internal Revenue Service, the federal agency with authority to interpret this area of ERISA, requires that employers file claims for refund of contributions with the Plan Administrator:

> The contribution or payment is considered as returned within the required period if the employer establishes a right to a refund of the amount mistakenly contributed or paid by filing a claim with the plan administrator within six months after the date on which the plan administrator determines that a mistake did occur.

26 C.F.R. § 1-401(a) (2)-1(b) (7/19/2002) (emphasis added). In making a claim with the Plan Administrator, an employer making the contribution "*must demonstrate* that an excessive contribution or overpayment has been made due to a mistake of fact or law." Id. at subpart (b)(2)(i) (emphasis added). Not only does the Third Party Complaint not allege that an overpayment was made by mistake of fact or law, it does not ever allege that a request was presented to the Plan Administrator. Nor does the Complaint allege that the six month rule referenced above was met. Thus, the failure to include these required allegations provides sufficient grounds for the Court to dismiss the Complaint.

D. Precision Crane Failed to Exhaust the Medical Plan's Administrative Remedies

Without even notifying the Medical Plan that it believed it was entitled to a refund, Precision

NEYHART, ANDERSON, FLYNN & GROSBOLL ATTORNEYS AT LAW

-8-

**P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

Crane filed this third Party Complaint. There certainly is no allegation in the Complaint to suggest such a notification. That means, too, that Precision Crane did not have the opportunity to invoke the Plan's internal procedures and remedies for dealing with disputes and issues. Again, there is no allegation in the Complaint that it did so. Thus, because Precision Crane failed to allege that it exhausted the Medical Plan's administrative remedies, this Court should dismiss the Complaint as facially inadequate and failing to state a claim. Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980). In Amato, the Ninth Circuit emphasized the importance of the administrative exhaustion requirement before filing a lawsuit to seek remedies under ERISA, as follows:

> The Ninth Circuit has long held that ERISA, guided under trust law, contemplates utilization of administrative remedies because "the trustees of covered benefit plans are granted broad fiduciary rights and responsibilities under ERISA . . . and implementation of the exhaustion requirement will enhance their ability to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes. The text of ERISA and the policies underlying that text, far from suggesting that Congress intended to abrogate the exhaustion requirement in the case of suits under ERISA or that sound policy would counsel its abrogation by the courts, suggest just the opposite.
> [. . .]
> [A] primary reason for the exhaustion requirement, here as elsewhere, is that prior fully considered actions . . . trustees interpreting their plans and perhaps also further refining and defining the problem in given cases, may well assist the courts when they are called upon to resolve the controversies. [citations]. In sum, we conclude that the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so.

Amato v. Bernard, supra, 618 F.2d at pp. 567-568. (emphasis added) Here, there is no allegation Precision Crane exhausted the Plan's administrative remedies.

Although the Ninth Circuit has not had to address the issue of whether an employer must exhaust the Plan's administrative remedies prior to filing a lawsuit for a refund from an ERISA plan, the Sixth Circuit (and at least one lower court) has found that an employer must exhaust the

-9-

NEYHART, ANDERSON, FLYNN & GROSBOLL ATTORNEYS AT LAW

P&A I/S/O NCTF MOTION TO DISMISS
Case No. C-07-5323 CRB
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

Plan's administrative remedies before it may sue in federal court for a refund of contributions. Whitworth Bros. Storage Co. v. Central States Southeast & Southwest, 982 F.2d 1006, 1019 (6th Cir. 1993), (because the "Plaintiff never made a refund request to [the Plan Administrator] for the return of contributions...and thus failed to exhaust its administrative remedies" the claim was to be dismissed because "[i]t is well-settled law...that the court will dismiss a claim for failure to exhaust administrative remedies." Id. *See also,* Central States, Southeast and Southwest Areas Pension Fund v. Howard Baer, Inc., 753 F.Supp. 241 (N.D. Ill 1991) (applying exhaustion requirement to ERISA Section 403(c)(2) issue). Thus, because Precision Crane failed to allege that it exhausted the Plan's administrative procedures, the Court should dismiss this action. Simply, where the statute mandates that refund requests be submitted to the Plan Administrator, the Court should require the exhaustion of that and any other remedies provided in the Plan before suit may be filed.

## III. CONCLUSION

Based on the foregoing, Third Party Defendant NORTH COAST TRUST FUND requests that this Court dismiss Defendant and Third Party Plaintiff PRECISION CRANE's Third Party Complaint with prejudice.

Dated: March 14, 2008

NEYHART, ANDERSON,
FLYNN & GROSBOLL

By: [signature]
RICHARD K. GROSBOLL

By: [signature]
BENJAMIN K. LUNCH

Attorneys for NORTH COAST TRUST FUND

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

-10-

**P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc

PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is 44 Montgomery Street, Suite 2080, San Francisco, California 94104. On March 14, 2008, I served the within:

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THIRD PARTY DEFENDANT NORTH COAST TRUST FUND'S MOTION TO DISMISS**

on the parties in said cause following our business practice, with which I am readily familiar. On the same day that correspondence is placed for collection and mailing via USPS, it is deposited for first-class delivery with USPS in a sealed envelope with postage prepaid. I placed a true copy of the within document enclosed in a sealed envelope for collection and first-class delivery on the date shown below at San Francisco, California addressed as follows:

**Michael David Nelson**
Law Office of Michael D. Nelson
870 Market Street, Suite 664
San Francisco, CA 94102

**Diane Aqui**
Jordan, Aqui & Tynan
1612 Fourth Street
Santa Rosa, CA 95404-4020

**Michael Joseph Carroll**
Erskine & Tulley
220 Montgomery Street, Suite 303
San Francisco, CA 94104

I declare under the penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March 14, 2008, at San Francisco, California.

Tonie Bouyer
Tonie Bouyer

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

-11-

**P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\PA Dismiss 62000.800.Doc