MARK D. JORDAN, ESQ. (SBN 66353)
DIANE AQUI, ESQ. (SBN 217087)
JORDAN & AQUI
1612 Fourth Street
Santa Rosa, CA 95404-4020
Telephone: (707) 526-3700
Facsimile:  (707) 526-1716

Attorneys for Defendant and Third Party Plaintiff
PRECISION CRANE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND; et al.,<br>      Plaintiffs,<br><br>vs.<br><br>PRECISION CRANE SERVICES, INC.,<br>      Defendant and<br>Third Party Plaintiff<br><br>Vs.<br><br>WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND<br>and NORTH COAST TRUST FUND<br>    Third Party Defendants | CASE NO.: C 07 5323 CRB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS<br><br><br>Date: April 18, 2008<br>Time: 10:00 a.m.<br>Hon. Charles R. Breyer<br>United States District Judge<br>Courtroom 8, 19th floor |

  Third Party Defendant, Western Conference of Teamsters Pension Trust Fund (hereinafter, Western), argues that Precision Crane (hereinafter, Precision) has failed to articulate subject matter jurisdiction under FRCP 12(b)(1), and has failed to state a claim upon which relief can be granted under FRCP 12(b)(6).

  Western requests that the court dismiss Precision's Third Party claim. Precision hereby opposes this motion.

---

1

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS

# I.

# INTRODUCTION

Precision has paid trust fund contributions in excess of $400,000.00 to Western and North Coast Trust Funds [1], and has been sued by Plaintiff (Operating Engineers Pension Trust Funds) for recovery of these identical funds. Precision has alleged (perhaps artlessly) in their Third Party Complaint that if they are found to owe money to Plaintiff, this money should be recovered from Western, either by a finding of indemnity, declaratory relief, or imposition of a constructive trust.

Western brings their Motion to Dismiss because Precision failed to allege any basis for federal subject matter jurisdiction. As set forth below, there is subject matter jurisdiction, and Precision requests leave to amend their Third Party Complaint.

Western also asserts that under Rule 12(b)(6), Precision has failed to state a claim upon which relief may be granted, primarily because of failure to exhaust administrative remedies under ERISA. Precision asserts that the administrative remedy would not provide "meaningful access" under the procedural facts of this case, and pursuit of same would be futile. Precision also asserts that exhaustion does not apply as their claim is statutory and not plan-based.

# II.

# THE COURT HAS SUBJECT MATTER JURISDICTION
# OVER THE INDEMNITY CLAIM IN THE THIRD PARTY COMPLAINT

**A.**     <u>Federal Subject Matter Jurisdiction Exists Under 29 U.S.C. §1132(e)</u>

29 U.S.C. §1132 (e) states,

"A) In the case of a contribution, or a payment of withdrawal liability under part 1 of

---

[1] North Coast Trust Funds is the other Third Party Defendant who also has filed a Motion to Dismiss based on the same arguments, to be heard concurrently on April 18, 2008. Precision alerts the court that their opposition briefs for both Third Party Defendants' Motions to Dismiss are fairly identical.

---

2

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS

> subtitle E of Title IV [29 USCS §§ 1381 et seq.]--
> (I) if such contribution or payment is made by an employer to a plan (other than a multiemployer plan) by a mistake of fact, paragraph (1) shall not prohibit the return of such contribution to the employer within one year after the payment of the contribution, and
> (ii) if such contribution or payment is made by an employer to a multiemployer plan by a mistake of fact or law (other than a mistake relating to whether the plan is described in section 401(a) of the Internal Revenue Code of 1986 [26 USCS § 401(a)] or the trust which is part of such plan is exempt from taxation under section 501(a) of such Code [26 USCS § 501(a)]), paragraph (1) shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake." 29 USCS § 1103

Under the above statute, an employer has the right to sue in federal court for mistaken contributions under ERISA. See *Award Service, Inc. vs. Northern California Retail Clerks Unions and Food Employers Joint Pension Trust Fund* 763 F. 2d 1066 (9th Cir. 1985). *British Motor Car Distributors vs. San Francisco Automotive Industries Welfare Fund* 882 F. 2d 371 (1989 U.S. app.) *Trustees of the Operating Engineers Pension Trust, et al. v. Tab Contractors* 224 F. Supp 2d 1272 (2002 U.S. Dist. NV).

In *Award*, a case cited by Western in their Motion to Dismiss, the court relied on the civil enforcement provision of ERISA, and said that while it "does not explicitly authorize a civil action by an employer", they are relying on the decision set forth in *Fentron Industries, Inc. vs. National Shopmen Pension Fund* 674 F. 2d 1300, 1304-5 (9th Cir. 1982) that if a "specific and personal injury" were alleged, the court had jurisdiction to "entertain the [29 U.S.C. §1103] claim under 29 U.S.C. § 1132 (e)." *Supra* at 763 F. 2d at 1068. In this case, Precision does have a "specific and personal injury". If Plaintiff prevails and a judgment is entered against Precision, Precision has been injured in excess of $400,000.00 for payments mistakenly made to Western.

In *British Motor Car Distributors vs. San Francisco Automotive Industries Welfare Fund* 882 F. 2d 371 (1989 U.S. App.), the court held "ERISA provides for the return of contributions that an employer made to a multiemployer plan because of a mistake of fact. Moreover this court has concluded that an employer has an implied right of action under section 403 to recover mistaken

---

3

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT
WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS

contributions." *Supra* at p. 374.

An identical set of facts to the case at bar were before the court in *Trustees of the Operating Engineers Pension Trust, et al. v. Tab Contractors* 224 F. Supp 2d 1272 (2002 U.S. Dist. NV), a district court case out of Las Vegas. The Operating Engineers Pension Fund sued Tab Contractors for unpaid contributions and Tab Contractors impled the Plumbing and Pipefitters Trust Funds because Tab had paid the contributions to those funds instead. Tab's claims against the Third Party defendants included indemnity and declaratory relief. [2]

The district court relied on the *Award Service, Inc.* decision and noted that while some of the reasoning used in that case was based on *Fentron Industries, Inc. vs. National Shopmen Pension Fund* 674 F.2d 1300 (9th Cir. 1982) which was later disapproved by U.S. Supreme Court decisions, the "Circuit has never explicitly overruled *Fentron* inasmuch as *Fentron* stands for the right of an employer to sue for mistaken contribution of benefits under ERISA . . . As a result, both *Fentron* and *Award Service* are still good law inasmuch as they provide for the employer's right to sue for mistaken contributions under ERISA." *Supra* at p. 1282-1283.

Therefore, though there is no <u>explicit</u> right to sue civilly under 29 U.S.C. §1132 (e), the courts have recognized an <u>implied</u> right to sue for indemnity. Federal jurisdiction is proper.

**B.    <u>Federal Subject Matter Jurisdiction Exists Under 28 U.S.C. §1331</u>**

Under 28 U.S.C. §1331, "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[2] The *Trustees of the Operating Engineers Pension Trust, et al. v. Tab Contractors* court ruled that the indemnity claim could go forward but the declaratory relief claim could not: "this court will not infer from ERISA nor *Award Service* that an employer has standing to sue for declaratory relief under ERISA." p. 1284. Therefore, Precision agrees with Western that an employer has no standing to sue for declaratory relief, and thus will not oppose that portion of Western's Motion to Dismiss.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS

In their Third Party Complaint, Precision alleged that they may have mistakenly paid contributions to Third Party Defendant Trust Funds:

¶ 11. Instead of paying into Plaintiffs Funds, Defendant/Third Party Plaintiff made these contributions to Third Party Defendants Funds as Defendant/Third Party Plaintiff believed the employees on whose behalf these contributions were made were covered by the Teamsters Union collective bargaining agreement.

Precision seeks recovery of these contributions through indemnity. Western states that the only statutory basis for recovery of mistakenly paid trust contributions is by way of a refund under the administrative provisions of section 403 ( c) of ERISA. However, Precision claims that there is an implied right to sue under 29 USC §1132/403(c)(2)(A).

The courts in *Award Service, Inc. vs. Northern California Retail Clerks Unions and Food Employers Joint Pension Trust Fund* 763 F. 2d 1066 (9th Cir. 1985).)and *Trustees of the Operating Engineers Pension Trust, et al. v. Tab Contractors* 224 F. Supp 2d 1272 (2002 U.S. Dist. NV) both ruled that independent of jurisdiction under 29 U.S.C. §1132 (e) (discussed *supra*), federal jurisdiction is proper because the claim arose under a federal law.

Because Precision's Third Party Complaint is based upon a federal statute, the district court has jurisdiction under 28 U.S.C. §1331, if only for the purpose of determining whether an implied cause of action exists under section 29 USC §1132/403(c)(2)(A) for return of mistakenly paid contributions.

**C.    The Court Has Ancillary Jurisdiction Over the Third Party Complaint**

"It is well settled that a grant of jurisdiction over particular subject matter includes the power to adjudicate all matters ancillary to the particular subject matter. 'Ancillary' means auxiliary, accessorial or subordinate. Ancillary claims may be entertained 'to prevent the relitigation in other courts of the issues heard and adjudged in the original suit'. Therefore, if either a cross-claim under

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS**

Rule 13 or a third-party claim under Rule 14 does arise out of the subject matter of the original action and involves the same persons and issues, the claim is ancillary to the original action. In such cases, if the court has jurisdiction to entertain the original action, no independent basis of jurisdiction for the cross-claim or third-party claim need be alleged or proved. *Glens Falls Indem. Co. v. United States*, 229 F.2d 370, 373-374 (9th Cir. 1955)(Cites omitted).

The gravamen of Precision's Third Party Complaint is that if it is found they owe contributions to Plaintiff, it is because they mistakenly paid these contributions to Western. This claim involves the same parties (Plaintiffs and Third Party Defendants) and the same issues (determining which trust fund, either Operating Engineers or Teamsters, Precision Crane should have contributed to). Hearing this Third Party Complaint is necessary to the complete disposition of this controversy.

Further, under Rule 19, it is Precision's belief that Western is a Required Party:

Rule 19. (a) Persons Required to Be Joined if Feasible.
(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties;

Without the joinder of Western, Precision may ultimately be required to pay Plaintiff hundreds of thousands of dollars, which they have already paid to Western. This subjects Precision Crane to a substantial risk of incurring inconsistent and/or double obligations, and the court will not be able to provide complete relief among the parties. [3]

---

[3] If, *arguendo*, the court does determine that there is no subject matter jurisdiction, Precision Crane would seek dismissal of Plaintiff's complaint under Rule 19(b) and Rule 12(b)7 as they can not proceed without Third Party Defendants and any judgment rendered against them in the absence of Third Party Defendants would be prejudicial. Further, Plaintiff would still have an adequate remedy for their claims under the Collective Bargaining Agreement, and court intervention is not necessary.

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS**

Under Fed. R. Civ. P. 19(a) "there is no precise formula for determining whether a particular nonparty should be joined . . . ." *Bakia v. County of Los Angeles*, 687 F.2d 299. 301 (9th Cir. 1982) (per curiam). Rather, "the rule emphasizes practical consequences and its application depends on the circumstances." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 819 (9th Cir. 1985). The first consideration is whether complete relief may be granted in the absence of the nonparty.

Here, complete relief is not available without Western. If Western prevails on their motion to dismiss and Plaintiff prevails at trial, Precision would then be required to utilize the administrative procedures of section 403 ( c) of ERISA to recover the contributions mistakenly paid to Western, and ultimately be required to litigate in federal court once again. Further, Precision may be collaterally estopped from certain claims or defenses based on a judgement in the instant case.

The same facts which favor joinder favor a finding of ancillary jurisdiction. Ancillary jurisdiction is thus appropriate in this case to provide complete relief, avoid inconsistent rulings and to prevent re-litigation.

### D. Conclusion

Failure to comply with Fed.R.Civ.P. 8(a)(1) does not necessitate dismissal, provided the complaint reveals a proper basis for jurisdiction. *Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969); *Wong v. Bacon*, 445 F. Supp. 1177, 1182 (N.D.Cal.1977). *Hardy v. National Kinney of California, Inc.*, 565 F. Supp. 1027, 1029 (D. Cal. 1983). There is a proper basis of jurisdiction in the allegations of the Third Party Complaint as set forth above.

For all those reasons articulated above, Precision requests that the court finds it has jurisdiction to hear the Third Party Complaint, and, if necessary, requests that they may amend their Third Party Complaint to plead with greater specificity the grounds for jurisdiction.

//

7

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS

# III.
# PRECISION CRANE IS NOT REQUIRED TO EXHAUST THE ADMINISTRATIVE REMEDIES OF ERISA

A.     <u>Precision Is Not Required to Request a Refund From the Plan</u>.

Western claims that no cause of action may arise until Precision requests from the plan that a refund be made, and the plan administrator has denied such refund. Precision admits that they have not requested a refund as the circumstances did not afford it the opportunity. It is important to note that Precision is not a plaintiff initiating an original lawsuit against Western. If that were the case, it is clear that before instituting legal proceedings, Precision would be required to first request that the contributions be refunded.

In the instant case, however, Precision is a defendant bringing Western in as a Third Party. Precision does not have the luxury of requesting a refund, waiting for the expected denial of same, and then suing in court. Precision needs immediate resolution of this issue now. Precision asserts that this is precisely the circumstances contemplated in *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980) when the court stated that it would be an abuse of discretion for a court not to excuse the exhaustion requirement when resort to the plan's procedures would be <u>futile</u> or the claimant is <u>denied meaningful access</u> to the procedures: "We recognize of course that despite the usual applicability of the exhaustion requirement, there are occasions when a court is obliged to exercise its jurisdiction and is guilty of an <u>abuse of discretion</u> if it does not, the most familiar examples perhaps being when resort to the administrative route is futile or the <u>remedy inadequate</u>."

"Meaningful access" is somewhat dubious in the instant case as the statute does not specify time limits in which the plan administrator has to make their determination. The pertinent section of 29 USCS § 1103 merely states:

"(ii) if such contribution or payment is made by an employer to a multiemployer plan by a

8

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS

mistake of fact or law . . ., paragraph (1) shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake."

Apparently, once Precision makes a request for a refund based on a mistake of fact or law, Western may delay as long as it desires to make its determination. There are no safeguards contained within this rather vague procedure to protect Precision's right to a refund. This is not "meaningful access" particularly in view of the pending litigation initiated by Plaintiff against Precision. Precision, obviously, needs this issue litigated now. (Further, it is clear here that resort to the plan's procedures would be futile as the plan has essentially denied a refund of the mistakenly paid contributions by virtue of filing the instant motion to dismiss upon being served with Precision' Third Party Complaint).

Finally, where administrative remedies are inadequate, exhaustion of administrative remedies is not required. *Southeast Alaska Conservation Council v. Watson*, 697 F.2d 1305 (9th Cir. 1983). In light of the present litigation <u>initiated by Plaintiff</u>, the administrative remedies in this case are inadequate based on the absence of any procedural safeguards, and the absence of any mention of a time line for the plan administrator to make a determination.

**B.     Precision's Claim is Statutory and Does Not Require Exhaustion.**

Precision's claim is actually statutory and not plan-based, i.e., it arises from a violation of the statute itself rather than the plan. Western violated the statute by accepting contributions which it was not entitled to, and Precision violated the statute by paying contributions which it should not have.   Precision is now merely attempting to "right" this statutory violation.

Subsequent to *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980), the Ninth Circuit in *Amaro vs. Continental Can Company* 724 F. 2d 747, (1984 U.S. App) explained *Amato* as requiring exhaustion of plan remedies only for contractual plan-based claims, such as a claim for benefits. When the plaintiff's claims are statutory, such as a claim under section 510 of ERISA, the court in

9

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS

*Amaro* explained, exhaustion is not required. *Amaro*, supra at p. 751-752.

The case at bar does not involve an employee participant being denied benefits and initiating a complaint. It involves an employer mistakenly contributing funds to the wrong plan, and the plan administrator mistakenly accepting same. (Indeed, it is actually difficult to imagine facts in which an employer would ever have a contractual plan-based claim for benefits).

Therefore, Precision is not required to exhaust the administrative remedies.

### C. Failure to State a Claim Under Rule 12(b)(6).

Finally, Western also claims that Precision has failed to state a claim under Rule 12(b)(6) as there is no allegation that Precision paid contributions to the Teamster Trust Funds by "mistake of law or fact".

Precision Crane believes they did this as set forth at paragraph 11 of the Third Party Complaint:

> ¶ 11. Instead of paying into Plaintiffs Funds, Defendant/Third Party Plaintiff made these contributions to Third Party Defendants Funds as Defendant/Third Party Plaintiff believed the employees on whose behalf these contributions were made were covered by the Teamsters Union collective bargaining agreement.

*Arguendo*, if the court finds otherwise, Precision Crane respectfully request leave to amend their Third Party Complaint.

### IV.
### CONCLUSION

It is respectfully requested that Western's Motion to Dismiss be denied, or, alternatively, that Precision be permitted to amend their Third Party Complaint to allege subject matter jurisdiction. ("Leave to amend shall be freely given when justice so requires."FRCP 15 (a), *Foman vs. Davis* 371 U.S. 178, 192 (1962).)

//

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS**

Dated: March 27, 2008

JORDAN & AQUI

*/s/ Diane Aqui*

Diane Aqui
Attorneys for Defendant and Third Party Plaintiff
PRECISION CRANE SERVICES, INC.

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF THIRD PARTY DEFENDANT WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND'S MOTION TO DISMISS