RICHARD K. GROSBOLL, State Bar No. 99729
BENJAMIN K. LUNCH, State Bar No. 246015
NEYHART, ANDERSON, FLYNN & GROSBOLL
44 Montgomery Street, Suite 2080
San Francisco, CA 94104-6702
Tel. (415) 677-9440
Fax (415) 677-9445
Email: rgrosboll@neyhartlaw.com
       blunch@neyhartlaw.com

Attorneys for Third Party Defendant
NORTH COAST TRUST FUND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND; et al., <br><br> Plaintiffs, <br><br> v. <br><br> PRECISION CRANE SERVICES, INC., <br><br> Defendant and Third Party Plaintiff, <br><br> v. <br><br> WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND; and NORTH COAST TRUST FUND, <br><br> Third Party Defendants. | Case No.  C-07-5323 CRB <br><br> **REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THIRD PARTY DEFENDANT NORTH COAST TRUST FUND'S MOTION TO DISMISS** <br><br> [FRCP 12(b)(6)] <br><br> Date: April 18, 2008 <br> Time: 10:00 a.m. <br><br> Hon. Charles R. Breyer <br> United States District Judge <br> Courtroom 8, 19th Floor |

-0-

**REPLY P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\Reply PA Dismiss 62000.800.Doc

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

## I. INTRODUCTION

Defendant and Third Party Plaintiff PRECISION CRANE SERVICES, INC. ("Precision Crane") continues to fail to identify a substantive source of law supporting its claim for "indemnity and contribution" against Third Party Defendant NORTH COAST TRUST FUND ("North Coast"). Precision Crane's Opposition Brief fails to provide this Court with legal authority refuting North Coast's argument in its Opening Brief, and thus Precision Crane's attempt to implead North Coast pursuant to Federal Rule of Civil Procedure 14 ("Rule 14") is procedurally improper. The effort by Precision Crane to maintain this suit is simply an attempt to evade the consequences of its failure to comply with pre-litigation administrative procedures.

Precision Crane's suggestion that ERISA Section 403 provides a substantive source of law for its "indemnification" action is erroneous, as that statute contemplates a cause of action distinct from indemnification. In any event, Precision Crane failed to properly plead a cause of action pursuant to Section 403. Nor are Precision Crane's scattershot arguments for supplemental jurisdiction or mandatory joinder valid. The Third Party Complaint is not properly before this Court, and should be dismissed.

Precision Crane demands that this Court allow a third party claim for "indemnity and contribution" against a health plan governed by ERISA for the return of allegedly mistaken health care contributions, despite ERISA's general prohibition that plan assets must not inure to the benefit of an employer. *See,* 29 U.S.C. § 1103(c). As Precision Crane has not properly pled a cause of action under ERISA, allowing Precision Crane's third party claim would thus arguably expose North Coast and its trustees to liability for violation of ERISA.

Precision Crane's attempt to bring North Coast into this lawsuit ignores the critical issue that North Coast already provided health care benefits to employees over 18 months ago, based on

-1-

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

**REPLY P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\Reply PA Dismiss 62000.800.Doc

the employer contributions received. The allegedly mistaken health care contributions have already been received by North Coast, and health care benefits to North Coast's participants provided. As Precision Crane has made no formal request to North Coast for a refund, North Coast has not yet investigated if the funds at issue may be refunded without effecting serious damage to North Coast's ability to provide benefits for its participants.

## II.   ARGUMENT

A.   <u>ERISA Does Not Provide a Cause of Action for "Indemnity & Contribution"</u>[1]

Precision Crane wrongly asserts that it has an "implied" right to bring an action for <u>indemnity</u> pursuant to ERISA. Precision Crane misapplies the rule of <u>Award Service, Inc. v. Northern California Retail Clerks Union</u>, 763 F.2d 1066, 1070-1071 (9th Cir. 1985). <u>Award Service</u> provides Precision Crane with the implied right to sue an ERISA plan under ERISA Section 403, 29 U.S.C. § 1103, for the return of mistaken contributions. It does not provide Precision Crane with the broad right to implead an ERISA plan for "indemnity and contribution" without reliance on a particular statutory provision. Precision Crane has failed to properly plead a cause of action pursuant to Section 403, and thus its Third Party Complaint is defective. Because Precision Crane realizes that it cannot meet the requirements of a Section 403 action, it underhandedly attempts an indemnity action, which this Court should reject.

When ERISA contemplates a specific remedy, such as the relief afforded by Section 403, parties are not permitted to seek other remedies not expressly authorized by ERISA. <u>Great-West Life & Annuity Ins. Co. v. Knudsen</u> 534 U.S. 204, 209 (2002). Thus, Precision Crane may not assert a claim against North Coast for "indemnity and contribution."

---

[1] North Coast understands that Precision Crane has abandoned its cause of action for declaratory relief, and thus the only remaining claim is for "indemnification." (Opp. Brief, p. 4, fn. 2).

-2-

**REPLY P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\Reply PA Dismiss 62000.800.Doc

Precision Crane's reliance on <u>Trustees of the Operating Engineers Pension Trust v. TAB Contractors</u>, 224 F.Supp.2d 1272 (D. Nev. 2002) is also unavailing. There the court concluded that a claim for the return of mistaken contributions made pursuant to Section 403 could proceed. While the Nevada district court in that case referenced such a claim as like an "indemnification" claim, the court identified the source of the implied cause of action for the return of mistaken contributions as ERISA Section 403. <u>Id.</u> at 1283. Thus, even a court that Precision Crane relies upon concluded that a claim for the return of mistaken contributions (whether called a claim for "indemnification" or a "Section 403 claim") must be valid pursuant to Section 403.

Here, Precision Crane has not pled its "indemnification" claim as a Section 403 claim, failing to plead that the contributions were made as a result of a mistake of fact or law, that it requested a refund from the plan, and further failing to plead that it exhausted its administrative remedies. Failing to plead any of these issues is sufficient cause to dismiss this action. As discussed below, Precision Crane cannot plead a cause of action under Section 403 without first exhausting its administrative remedies. Thus, whether it is characterized as "indemnification" or a "Section 403 claim," Precision Crane's claim against North Coast is invalid.

B.   <u>Supplemental Jurisdiction Over Precision Crane's Claim is Unavailable</u>

Contrary to Precision Crane's assertion, there is no legal basis for this Court to exercise supplemental (i.e. ancillary) jurisdiction over Precision Crane's claims against North Coast. Supplemental jurisdiction is available for *state law claims* which share a "common nucleus of operative fact" with claims over which the federal courts have federal question jurisdiction:

> [T]his Court has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but

-3-

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

**REPLY P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\Reply PA Dismiss 62000.800.Doc

> one constitutional 'case.' [citations] Congress has codified those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading. 28 U.S.C. § 1367.

<u>City of Chicago v. Int'l College of Surgeons</u>, 522 US 156, 164-165 (1997).

Here, Precision Crane's claim for "indemnity and contribution" cannot be a state law claim, else it would be preempted by ERISA, as discussed in North Coast's Opening Brief at pp. 4-6. Therefore, as the "indemnity" claim could only be a federal one, supplemental jurisdiction does not apply.

C.   <u>North Coast is Not a Required Party Under Rule 19</u>

Based on pure speculation, Precision Crane erroneously suggests that North Coast is a necessary party subject to joinder under Rule 19 because complete relief cannot be obtained among the initial parties. However, there is no indication in the pleadings that complete relief requires the involvement of North Coast. The Plaintiff trust funds can recover any sums allegedly owed to them by Precision Crane without the involvement of North Coast. Regardless, North Coast cannot be joined as a defendant to the initial action pursuant to Rule 19, as the Plaintiff trust funds have no cognizable claim under ERISA against North Coast.

The proper procedural mechanism for drawing North Coast into this lawsuit may have been impleader under Rule 14, at least in theory. As addressed in North Coast's Opening Brief, Precision Crane cannot implead North Coast as there is no source of substantive law supporting its claims against North Coast. Precision Crane failed to provide any pertinent legal authority to refute this. Precision Crane should not be permitted to use Rule 19 as an end-run around properly impleading a third party defendant under Rule 14.

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

-4-

**REPLY P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\Reply PA Dismiss 62000.800.Doc

D.  <u>Precision Crane Must Exhaust its Administrative Remedies</u>

Precision Crane concedes that if it were a plaintiff in an original proceeding, it would be required to exhaust its administrative remedies by first making a formal request to North Coast, requesting a refund of allegedly mistaken contributions. (Opp. Brief, p. 8). Inexplicably, however, Precision Crane takes the position that because it "needs immediate resolution" as a third party plaintiff, it should be permitted to bypass the same administrative procedure *it acknowledges it would have to follow otherwise.* Essentially, Precision Crane argues, without legal authority, that its status as a third party plaintiff should exempt it from exhausting its administrative remedies. This Court should not allow Precision Crane to effectively "procedurally preempt" statutory and regulatory administrative procedures.

1.  <u>There are Insufficient Facts to Prove Futility</u>

Precision Crane further asserts (outside its initial pleadings) that it should be excused from exhausting its administrative remedies on the grounds that using such procedures would be futile, citing <u>Amato v. Bernard</u>, 618 F.2d 559, 568 (9th Cir. 1980). However, Precision Crane's claim of "futility" is both late and premature. Precision Crane failed to plead futility and moreover, at this stage in the proceedings, there is no factual record upon which this Court may determine if the exercise of administrative procedures would be futile. Contrary to Precision Crane's assertion, North Coast has <u>not</u> "essentially denied" a refund by filing this Motion to Dismiss; rather as no request has been made, no audit or review has been performed. Thus North Coast cannot yet determine if a refund would be appropriate.

Precision Crane further claims that the exhaustion requirement should be excused because Precision Crane somehow lacks "meaningful access" to the procedures. This is absurd. Precision Crane was in no way prevented from contacting North Coast and requesting a refund of its allegedly

-5-

mistaken contributions. It simply has failed to even do so.

Precision Crane's statement that the refund request procedure provides no "procedural safeguards" protecting its right to a refund has no justification and cannot relied upon because no such statement was made in its initial pleadings. That argument is based on facts that have to be outside the record. In any event, that statement is disingenuous, as ERISA permits Precision Crane to bring suit under ERISA Section 403 in the event of a rejection of its refund request. ERISA itself safeguards Precision Crane's right to refund – the refund request procedure does not impinge on that right.

Finally, Precision Crane's claim that the refund request procedure is inadequate is undermined by its acknowledgment that the refund request procedure would be required if Precision Crane were a conventional plaintiff rather than a third party plaintiff. If such pre-litigation procedures are adequate when Precision Crane is a plaintiff, they are equally adequate when Precision Crane is a third party plaintiff.

2.     "Statutory" Nature of Claim Does Not Affect Exhaustion Requirement

Precision Crane also argues that exhaustion of administrative remedies is not required because Precision Crane's claim against North Coast is statutory and not plan-based, citing Amaro v. Continental Can Company, 724 F.2d 747 (9th Cir. 1984).

The Amaro court concluded that exhaustion of administrative remedies was not required where there was an alleged violation of a unique ERISA section, 29 U.S.C. § 1140, which concerns an employee alleging an employer interfered with his or her rights (and not a claim under a plan). The Amaro court stated that there was "no internal appeal procedure either mandated or recommended by ERISA to hear these claims." Id. at 751. Thus, the Amaro court's holding is limited to situations in which ERISA neither mandates nor recommends pre-litigation

-6-

**REPLY P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\Reply PA Dismiss 62000.800.Doc

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

administrative procedures.

Here, the Internal Revenue Service, the federal agency with the authority to interpret this area of ERISA, requires employers to file claims with plan administrators for the refund of contributions. 26 C.F.R. § 1-401(a)(2)-1(b). As ERISA thus mandates a pre-litigation administrative procedure, the holding in Amaro is inapplicable to this case, and Precision Crane must exhaust its administrative remedies before commencing litigation against North Coast.

### III.    CONCLUSION

Based on the foregoing, Third Party Defendant NORTH COAST TRUST FUND requests that this Court dismiss Defendant and Third Party Plaintiff PRECISION CRANE's Third Party Complaint with prejudice.

Dated: April 4th, 2008

                                      NEYHART, ANDERSON,
                                      FLYNN & GROSBOLL

                                      By:    /s/ Benjamin K. Lunch
                                               RICHARD K. GROSBOLL
                                               BENJAMIN K. LUNCH

                                      Attorneys for NORTH COAST TRUST FUND

-7-

**REPLY P&A I/S/O NCTF MOTION TO DISMISS**
**Case No. C-07-5323 CRB**
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\Reply PA Dismiss 62000.800.Doc

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is 44 Montgomery Street, Suite 2080, San Francisco, California 94104. On April 4th, 2008, I served the within:

**REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THIRD PARTY DEFENDANT NORTH COAST TRUST FUND'S MOTION TO DISMISS**

on the parties in said cause following our business practice, with which I am readily familiar. On the same day that correspondence is placed for collection and mailing via USPS, it is deposited for first-class delivery with USPS in a sealed envelope with postage prepaid. I placed a true copy of the within document enclosed in a sealed envelope for collection and first-class delivery on the date shown below at San Francisco, California addressed as follows:

**Michael David Nelson**
Law Office of Michael D. Nelson
870 Market Street, Suite 664
San Francisco, CA 94102

**Diane Aqui**
Jordan, Aqui & Tynan
1612 Fourth Street
Santa Rosa, CA 95404-4020

**Michael Joseph Carroll**
Erskine & Tulley
220 Montgomery Street, Suite 303
San Francisco, CA 94104

I declare under the penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 4th, 2008, at San Francisco, California.

_____
Tonie Bouyer

Neyhart, Anderson, Flynn & Grosboll
Attorneys at Law

-8-

REPLY P&A I/S/O NCTF MOTION TO DISMISS
Case No. C-07-5323 CRB
H:\WP_WINDOWS\BRIEF BANK\Demurrers_Dismiss_Strike\Reply PA Dismiss 62000.800.Doc